Henry EKEH, Petitioner—Appellant,

v.

Alberto R. GONZALES, Attorney General; Michael Chertoff, Secretary of the Department of Homeland Security, Respondents—Appellees.

No. 05–16201.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2006.*

Decided Aug. 14, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Henry Ekeh, Eloy, AZ, pro se.

Cynthia M. Parsons, USPX—Office of the U.S. Attorney, Phoenix, AZ, for Respondents–Appellees.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

Henry Ekeh has been held in detention pursuant to 8 U.S.C. § 1231(a) for 30 months pending his removal from the United States. We grant his habeas corpus petition and order his release.

In *Zadvydas v. Davis*, 533 U.S. 678, 689, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), the Supreme Court held that § 1231(a) "does not permit indefinite detention." The Court therefore fashioned a presumptive rule that after six months of custody, the alien should be released if there is "good reason to believe that there is no significant likelihood of removal in the reason-

ably foreseeable future." *Id.* at 701, 121 S.Ct. 2491. Applying that rule, we have held that "when an alien refuses to cooperate fully and honestly with officials to secure travel documents from a foreign government, the alien cannot meet his or her burden to show there is no significant likelihood of removal in the reasonably foreseeable future." *Lema v. INS*, 341 F.3d 853, 856 (9th Cir.2003). Thus, aliens who fail to supply information or refuse to apply for travel documentation may be subjected to continued detention. *See id.* at 857 (failure to supply information); *Pelich v. INS*, 329 F.3d 1057, 1059 (9th Cir.2003) (refusal to apply).

The district court declined to order Ekeh's release because "[t]here is no good reason to take Petitioner at his word when he suggests that he had fully cooperated." The record indicates, however, that Ekeh applied for travel documents from Liberia, Nigeria, Ethiopia, South Africa, France, Cote D'Ivoire, Italy, Sweden, the Netherlands, and Switzerland. He also submitted to interviews with Liberian and Nigerian officials and has repeatedly pledged to "sign any document presented to him" to gain his removal.

We conclude that, after 30 months of detention, there is "good reason to believe" that Ekeh will not likely be removed "in the reasonably foreseeable future." *See Zadvydas*, 533 U.S. at 701, 121 S.Ct. 2491. We therefore grant Ekeh's petition and order his release subject to supervision as mandated by 8 U.S.C. § 1231(a)(3).

REVERSED.

LEAVY, Circuit Judge, dissenting.

I respectfully dissent. Ekeh has not cooperated fully and honestly with immigration officials to secure the necessary

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

travel documents from Liberia or Nigeria and thus has not met his burden to show there is no significant likelihood of removal in the reasonably foreseeable future. *See Lema v. INS,* 341 F.3d 853, 855 (9th Cir. 2003).

While we review the district court's denial of Ekeh's habeas petition de novo, we review the INS's factual findings for substantial evidence, "reversing only if the evidence is so compelling that no reasonable factfinder could fail to find the facts were as the alien alleged." *Id.* Substantial evidence supports the U.S. Immigration and Customs Enforcement's (ICE) finding that Ekeh was not "cooperating with ICE's efforts to remove [him]," because he mislead ICE concerning his true identity and because he had not provided the Nigerian consul with information sufficient to establish his father's citizenship.

The Liberian Embassy officer who interviewed Ekeh indicated that Ekeh "seemed evasive at answering questions, could not remember dates and locations of schools in Liberia" and doubted that Mr. Ekeh was answering truthfully. The officer also stated that Ekeh had obtained his Liberian passport illegally.

While Ekeh asserts that he has been unable to obtain sufficient information on his father to establish Nigerian citizenship, Ekeh has given inconsistent information concerning his family. At one point, he stated he had a brother in Irvington, New Jersey, with whom he had occasional contact and an additional sister and brother in Liberia. At another point, Ekeh said he had two sisters and three brothers who he believes are all in Liberia. Ekeh told a probation officer that his father was a Liberian civil servant and his mother sold groceries from a kiosk. Yet in his asylum application, Ekeh said his father was a school principal and his mother was a nurse. Moreover, while detained, Ekeh made numerous unexplained phone calls to Nigeria, including to a number where the person answering the phone identified himself as Ekeh's "brother."

Additional evidence in the record supports the ICE's determination that Ekeh is not truthful, including: (1) a 1996 conviction for Grand Theft involving a forged check; (2) a 1999 attempt to enter the United States by making a documented false claim of U.S. citizenship by presenting a birth certificate and Arizona driver's license in the name of Marty Jay Jones; (3) a 2002 conviction of making false statements on a passport application; and (4) involvement in a scheme involving 500 counterfeit credit cards, fraudulent checks, and counterfeit United States currency.

I would deny the petition.